R. J. HARRIS, Plaintiff,

v.

MARION CONCRETE COMPANY, Inc. and Solomon Robinson, Defendants.

Cleve G. HARRIS, a minor by his Guardian ad Litem, R. J. Harris, Plaintiff,

v.

MARION CONCRETE COMPANY, Inc. and Solomon Robinson, Defendants.

Wayne F. BROWN, Plaintiff,

v.

MARION CONCRETE COMPANY, Inc. and Solomon Robinson, Defendants.

Civ. A. Nos. 68–764, 68–765 and 68–865.

United States District Court,
D. South Carolina,
Florence Division.

March 27, 1970.

James P. Mozingo, III, D. Kenneth Baker, Darlington, S. C., C. Dexter Powers, Florence, S. C., and John R. Etheridge, Jr., Darlington, S. C., for plaintiffs.

C. Weston Houck, Florence, S. C., J. Ralph Gasque and William H. Seals, Marion, S. C., for defendants.

## ORDER

MARTIN, Chief Judge.

These are personal injury actions which were consolidated for trial and tried before the Court, without a jury, at Florence, South Carolina, on December 1 and December 2, 1969. They arose out of an automobile collision which took place at about 1:30 p. m. on June 29, 1966, at the intersection of Main Street and U. S. Highway No. 76 in the Town of Mullins, South Carolina. Plaintiff Cleve G. Harris was, at the time of said accident, operating a 1964 Chrysler automobile in a southerly direction on the Main Street of Mullins, South Carolina, and the remaining plaintiffs were riding as passengers in said 1964 Chrysler automobile. The defend-

ant Solomon Robinson was operating a 1959 Mack truck with cement mixer attachment, owned by the defendant Marion Concrete Company, in an easterly direction on U. S. Highway No. 76. Plaintiffs contend that the defendant Solomon Robinson, acting as the agent, servant, and employee of the defendant Marion Concrete Company, Inc., was negligent and reckless in causing the collision complained of and their resulting injuries and damages, due to the fact that he failed to stop before entering the intersection in question, and ran through a red light. The defendants contend that the plaintiff Cleve G. Harris ran through a red light, and caused the collision in question. In addition, the defendants interposed the affirmative defense of contributory negligence and recklessness in each of the three cases.

In the case instituted by Cleve G. Harris, the operator of the 1964 Chrysler automobile, the defendant Marion Concrete Company, Inc. has counterclaimed for the property damage allegedly sustained by it as a result of this accident.

Upon review of the evidence and exhibits, testing the same for credibility, and applying the applicable South Carolina law, this Court publishes its

### FINDINGS OF FACT

The plaintiffs R. J. Harris and Cleve G. Harris are residents and citizens of the State of North Carolina. The plaintiff Wayne F. Brown is a resident and citizen of the State of Virginia. The defendant Marion Concrete Company, Inc. is a South Carolina corporation with its principal place of business in the County of Marion, State of South Carolina; and the defendant Solomon Robinson is a resident and citizen of the County of Marion, State of South Carolina. The amount in controversy in each of these causes exceeds the sum of Ten Thousand ($10,000.00) Dollars, exclusive of costs and interest.

At the time of the accident in question, plaintiff Cleve G. Harris was oper-

ating a 1964 Chrysler automobile owned by Twin State Warehouse Corporation of Fairmont, North Carolina, and the remaining plaintiffs were passengers in said automobile, which was being operated in a southerly direction on Main Street in the Town of Mullins, South Carolina.

The plaintiff R. J. Harris is an officer and agent in the Twin State Warehouse Corporation, and had asked his son, Cleve G. Harris, to drive him to Mullins, South Carolina, on the day of the accident so that he could transact some business there. At the time of the accident, the plaintiff Cleve G. Harris was operating the 1964 Chrysler automobile.

The defendant Marion Concrete Company, Inc. is a South Carolina corporation with its principal place of business in Marion, South Carolina. Its business consists of, among other things, the preparation and delivery of concrete. On the date in question the defendant Solomon Robinson was acting as the agent, servant, and employee of the defendant Marion Concrete Company, Inc., and was in the process of delivering a load of concrete for the defendant Marion Concrete Company, Inc.

At the time of the accident in question, the defendant Solomon Robinson was operating a 1959 Mack truck with an attached concrete-mixing unit in an easterly direction on U. S. Highway No. 76 in Mullins, South Carolina. At all times mentioned herein, traffic at the intersection of Main Street and U. S. Highway No. 76 in the Town of Mullins, South Carolina, is controlled by a mechanical traffic device, which permits traffic on either of the two intersecting roads to proceed on a green light and to proceed with caution or to stop on a yellow light and a red light, respectively.

The testimony presented by plaintiffs and defendants is in conflict on the question of which vehicle had the red light and which vehicle had the green light, and the speed of the respective vehicles prior to the collision.

Both vehicles entered the intersection without stopping. The front end of the truck struck the automobile with a great amount of force in the right hand side, from near the front door to the rear of the car. The car was knocked directly sideways to its left, where it was lodged and jammed against a utility pole. The truck either ran or rolled over the top of the car and overturned on Highway 76 east of the car and the intersection.

The impact occurred in the east bound lane of traffic on Highway 76, and the southbound lane for Highway 41. The automobile driven by plaintiff, Cleve G. Harris, entered the intersection first, and had almost cleared the intersection when struck by the truck, driven by defendant, Solomon Robinson, which was just entering the intersection.

The Chrysler automobile, driven by plaintiff Cleve G. Harris approached the intersection in a reasonable and prudent manner. As it approached and entered the intersection, the traffic signal on Highway 41 was green, and the Chrysler automobile lawfully and properly entered the intersection. The light for traffic on Highway 76 was red, at the time the defendant's truck entered in violation of the signal and without stopping. The defendant, Solomon Robinson, operated the truck in excess of the maximum posted speed limit of twenty-five (25) miles per hour, and his speed, considering the nature of the intersection and the weight of the truck, was excessive and a greater speed than was reasonable and prudent under the circumstances. Defendant's, Solomon Robinson, failure to stop, (failure to keep a proper lookout), and excessive speed were concurrent proximate causes of the collision between the two vehicles.

As a result of the collision the plaintiffs, Cleve G. Harris, R. J. Harris and Wayne Brown, were personally injured. Cleve G. Harris received lacerations of the right knee, leg and chin and multiple fractures of his ribs on the right side. He was treated in the hospital from June 29, 1966, until July 11, 1966. Subsequent to the injury he had difficulty with his right leg which was diagnosed as residual muscle spasms of the hamstring muscle of his leg. He was unable to continue his summer employment at a loss of $500.00. His medical expenses amounted to $452.15.

Wayne Brown suffered an injury to his neck and back in the collision. He was admitted to the Mullins Hospital under the care of Dr. Carl B. McMillan. Dr. McMillan's diagnosis was shock, mild; multiple bruises, lacerations of the body and extremities; and whip lash injury to the neck. He was in the Mullins Hospital for one day. His medical expenses amount to $110.00. Wayne Brown was on his vacation at time of the collision and returned to work the following week. He testified he was disabled for five days following the accident and that his average wage was $35.00 per day, a total loss of $175.00.

R. J. Harris was pinned in the automobile after the collision. After he was removed he was taken to the Mullins Hospital and examined by Dr. McMillan. Dr. McMillan had him immediately transferred to McLeod's Infirmary in Florence. In Florence he was treated by an orthopedic surgeon, Dr. George Dawson, Jr. Dr. Dawson's diagnosis was: (1) fracture of the wing of the ilium, $2\frac{1}{2}''$ x $3\frac{1}{2}''$ pulled away from ilium on left; (2) some stiffness of neck, pain on posterior portion of neck, limitation of neck motion in extreme; (3) multiple abrasions particularly, and lacerations over the right arm around the elbow; (4) limitation of right elbow in both extremes, considerable swelling of the right buttock and above the trochanteric region, right. Mr. Harris was hospitalized in Florence from June 29, 1966, until July 11, 1966, a total of 12 days, after which he was transferred by ambulance to a hospital in Winston-Salem, North Carolina, and placed under the care of Dr. Robert G. Underdahl, an orthopedic surgeon.

Dr. Underdahl's initial examination revealed: (1) marked limitation of motion of the neck; (2) tenderness in neck

area with bilateral muscle spasm; (3) right hip area bruised, tenderness in area of iliac crest or hip bone. Dr. Underdahl's diagnosis was: (1) fracture of the right iliac bone with separation of the fragments, measured to be 1.5 centimeters; (2) acute cervical strain, injury to ligamentous and soft tissue.

R. J. Harris has permanent injuries to the neck, the right hip and leg, and according to Dr. Underdahl, will experience mild intermittent pain with the use of the neck in any unusual manner; and will have a mild to moderate degree of disability as a result of the injury to the right hip which will cause pain on walking with overuse.

Mr. Harris was released from the North Carolina hospital on August 3, 1966. After being hospitalized a total of 35 days as a result of the injuries received in the collision. He was last seen by Dr. Underdahl in November 1966.

As a result of the injuries Mr. Harris incurred medical expenses of $1,321.80. His net taxable income for 1964 was $19,276.67, 1965 was $24,658.63, 1966 was a loss of ($22,271.05), 1967 was $20,659.82.

## CONCLUSIONS OF LAW

The Court has jurisdiction of the parties and the subject matter of the action.

The substantive law of the State of South Carolina is applicable in determining the rights and liabilities of the parties involved in this matter. Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The plaintiffs have the burden of proving the negligence on which they rely for recovery. Baker v. Mutual Loan and Inv. Company, 218 S.C. 47, 61 S.E.2d 387; Baugh and Sons Company v. Graham, 150 S.C. 398, 148 S.E. 220. They must also prove that said negligence was the proximate cause of their alleged injuries and damages. Seay v. Southern Railway—Carolina Division, 205 S.C. 162, 31 S.E.2d 133; Burnette v. Augusta Coca Cola Bottling Company, 157 S.C. 359, 154 S.E. 645.

Section 46–306, Code of Laws of South Carolina, 1962, is the applicable South Carolina statutory law in regard to the meaning of traffic-control signals. It, in short, states that a green signal means "go," a yellow signal means "caution," and a red signal means "stop."

Section 46–361, Code of Laws of South Carolina, 1962 (as amended in 1966), is the applicable South Carolina maximum speeds. It also requires that no person shall drive a vehicle on a highway at a greater speed than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, and that such person shall drive at a speed appropriately reduced below the maximum speed limit when approaching and crossing an intersection, and in every event control his speed as may be necessary to avoid colliding with other vehicles.

In South Carolina the violation of an applicable statute or ordinance is negligence *per se*.

Eickhoff v. Beard-Laney, Inc., 199 S.C. 500, 20 S.E.2d 153;

Bell v. Atlantic Coast Line Railroad Co., 202 S.C. 160, 24 S.E.2d 177; and

Worrell v. South Carolina Power Company, 186 S.C. 306, 195 S.E. 638.

The defendant, Solomon Robinson, violated both § 46–306 and § 46–361, Code of Laws of South Carolina, 1962, and is, therefore, guilty of negligence *per se*.

The common law of South Carolina also requires a motorist to keep a proper lookout and to maintain adequate control over his vehicle, so that accidents, when possible, may be avoided. The defendant, Solomon Robinson, failed to keep a proper lookout and failed to maintain adequate control over his vehicle at the time of the collision in question. Such conduct on his part constituted negligence.

The plaintiff, Cleve G. Harris, at the time of the accident, was operating his vehicle in a reasonable and prudent manner and was not negligent in causing the collision complained of and the damages

sustained by defendant, Marion Concrete Company, Inc. as alleged in its counterclaim to its truck.

The negligence of the defendant, Solomon Robinson, was the direct and proximate cause of the injuries and damages sustained by the plaintiffs as a result of the collision which are set forth in the findings of fact, supra.

■ Under the law of South Carolina one who negligently injures another party is liable for compensatory damages in proportion to the character and extent of the injury. In determining the amount of compensation for personal injuries, it is proper to consider the physical and mental pain and suffering endured, the expense incurred for necessary medical treatment, the loss of time and income which results, the impairment of ability to work and earn a livelihood, and the character of the injury, and the amount that would make the injured party whole as respects the permanent injuries.

The plaintiffs are not entitled to punitive damages.
Accordingly,

It is ordered that the Clerk enter the following judgments:

(1) In the case of R. J. Harris, C.A. #68–764, judgment for plaintiff for $30,000.00 against the defendants, and tax costs against defendants;

(2) In the case of Cleve G. Harris, C. A. #68–765, judgment for plaintiff for $2500.00 against the defendants, and tax costs against the defendants;

(3) In the case of Wayne F. Brown, C.A. #68–865, judgment for plaintiff for $1250.00 against the defendants, and tax costs against defendants; and,

(4) In the case of Cleve G. Harris, C. A. #68–765, judgment for plaintiff, Cleve G. Harris, on the counterclaim of defendant, Marion Concrete Company, Inc.

It is so ordered.