14626

WORRELL v. SOUTH CAROLINA POWER CO.

(195 S. E., 638)

April, 1937.

*Mr. G. L. B. Rivers,* for appellant,

*Mr. J. C. Long,* for respondent,

March 3, 1938.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

This action, one in tort for personal injuries, arose out of a collision between a truck in which respondent was riding, and a street car operated by appellant, on King Street, in Charleston, S. C. It is admitted that respondent was engaged in a common or joint enterprise with the driver of the truck, and that his negligence would be imputable to her.

Upon a trial of the case in the Court of Common Pleas for Charleston County, a jury rendered a verdict in favor of respondent and against appellant for $5,000.00 actual damages; the full amount demanded in the complaint as the actual and punitive damages suffered by respondent.

On motion for a new trial, the trial Judge granted the motion unless respondent remitted the sum of $1,500.00 within ten days from notice of the filing of his order; and, within this time respondent remitted upon the record so much of the verdict.

During the trial, appellant moved for a nonsuit, and for a directed verdict. The appeal is from the refusal of the trial Judge to grant these motions, and from his refusal to grant a new trial absolute.

Respondent's complaint alleges or charges that her injuries were due to and caused by the negligent and careless acts of appellant, its agents and servants, in the operation of the street car; and sets forth quite a number of specifications; (a), (b), and (c) being withdrawn during the charge of the Judge to the jury. The main specifications relied upon are as follows:

"(d) In driving and operating the said street car at the time and place at a greater rate of speed than was reasonable and proper having due regard to the traffic then and thereon said Street in violation of Section 533 of the Traffic Ordinances of the City of Charleston for the year 1929 together with the Amendments thereto.

"(e) In driving and operating the said street car at the time and place in a reckless and careless manner in violation of Sections 502 and 503 of the Traffic Ordinances of the City of Charleston for the year 1929, together with the Amendments thereto.

"(f) In driving and operating the said street car at a rate of speed in excess of 25 miles per hour in violation of Section 502 of the Traffic Ordinances of the City of Charleston for the year 1929, together with the Amendments thereto.

"(g) In failing and omitting to have slackened the speed of the said street car when the operator of the said street car saw or should have seen that to fail to do so would cause the said street car to strike and run into the truck in which the Plaintiff was riding.

"(h) In driving and operating the said street car at a fast and furious rate of speed on the said King Street on a Saturday night when the operator of the said street car knew and appreciated the said street at the point of the collision with the truck in which the Plaintiff was riding was laden with heavy traffic and that to operate the said street car in the manner in which it was being operated was highly dangerous.

"(i) In failing and omitting to have taken any reasonable precautions whatsoever to have prevented the said street car from having struck and run into the truck in which the Plaintiff was riding."

The collision occurred on upper King Street, and we therefore quote only so much of Ordinance 502 as is applicable: "It shall be unlawful to operate or cause to be operated any automobile, street car, or any other vehicle on the streets of Charleston at a greater speed than twenty miles per hour. * * *"

Ordinance 533 is as follows: "Nothing in the foregoing sections shall be construed to mean that vehicles shall not at all times be driven with due regard to the rights and safety of others on the public streets, or that the speed may at any

time be greater than is safe and proper under conditions then existing. Any person who shall drive any vehicle in a manner to endanger the safety of others on the public streets, or in disregard of the rights of others, shall be deemed guilty of reckless driving and shall be subject to the penalties provided for the violation of this ordinance."

The answer of appellant denied negligence on its part, and pleaded the contributory negligence and sole negligence of the driver of the truck in which respondent was riding as the proximate cause of such injuries as she suffered.

It is incumbent on a plaintiff, before a recovery can be had, to show not only that such plaintiff has suffered injury which was caused by the defendant, but that such injury is the result of the defendant's negligence.

But if a plaintiff introduces evidence tending to show that a defendant was negligent, and the defendant introduces evidence tending to show that plaintiff was also negligent, even though plaintiff's injury may be in part traceable to the negligence of a third party, neither this Court nor the Circuit Court is called upon to decide such issues when there is a conflict of evidence, and more than one inference can be drawn. Such issues must be decided by a jury, the tribunal set-up under our form of jurisprudence to pass upon issues of fact in a Court of law.

There was testimony by respondent that as the truck in which she was riding was proceeding south on King Street, an automobile which had been parked on the west side of said street pulled out from the curb and to the left as the truck was about opposite it, forcing the driver of the truck onto the tracks of the street car; that the street car was then coming, and "pretty fast," and that it did not slacken its speed until it was "right on us." J. T. Mehrtens, a witness for respondent, testified that the street car was going "pretty fast, twenty or twenty-five miles an hour"; that the first time he noticed it slow up was when the crash sounded; that he also saw the truck; that is swayed to the left, and then swayed back to the right, and then was the crash. On cross

examination this witness, after having testified that he thought it was entirely the fault of the men who swerved out in front of the truck, and caused it to cut out in front of the street car, was asked: "Q. In your opinion what caused the wreck was this other automobile cutting out in front of that truck?" To this question, he answered: "And the speed of the street car, too." A. A. Burris, another witness in behalf of respondent, testified that he was driving an automobile behind the street car, and got behind it at about Shepherd Street; that he judged the speed of the street car to be between twenty and twenty-five miles per hour. The respondent had testified that at the time the truck in which she was riding was forced over on the street car track, the street car was coming into Fishburne Street (a street leading into King from the east but there terminating), and that the car which pulled from the curb was about six car (automobile) lengths from this intersection. The witness Burris also testified that the street car did not slacken its speed as it entered Fishburne Street, and when it stopped he had to cut his car to the right to keep from running into it; that brakes were first applied to the street car when its rear end was about even with the north side of Fishburne Street.

The testimony above set forth is that which is most favorable to respondent, since in passing upon motions for nonsuit, and directed verdict, the evidence must be viewed in the light most favorable to a plaintiff.

In *Price v. American Agricultural Chemical Co.,* 173 S. C., 518, 525, 176 S. E., 352, 355, Chief Justice Blease, in writing the opinion of the Court, stated the rule governing the granting of nonsuits as follows: "If there is any evidence at all tending to establish any negligence as the proximate cause of an injury, the plaintiff should not be nonsuited."

In the comparatively recent case of *Lineberger v. City of Greenville,* 178 S. C., 47, 52, 182 S. E., 101, 103, the writer hereof, in writing the unanimous opinion of the Court, had this to say:

"This Court has held time and again that on a motion by a defendant for a directed verdict the testimony must be viewed in the light most favorable to the plaintiff, and if more than one inference can reasonably be drawn therefrom, then it is the duty of the trial Judge to submit the case to the jury. *Crews v. Sweet,* 125 S. C., 303, 306, 118 S. E., 613, 29 A. L. R., 43; *Ford v. Railway Co.,* 169 S. C., 41, 168 S. E., 143; *Lower Main Street Bank v. Ins. Co.,* 135 S. C., 155, 133 S. E., 553, and numerous other cases.

" 'And it has been decided that not only should questions of fact be submitted to the jury when they are in dispute, but also the matter is properly for the jury to pass upon when the question is as to inferences to be drawn from such facts after the facts have been determined. *Anderson v. Hampton & B. R. & L. Co.,* 134 S. C., 185, 132 S. E., 47.

" 'It has also been held that a case should be submitted to the jury not only when the testimony is conflicting, but likewise when the inferences from it are in doubt. *Keistler Co. v. Aetna Insurance Company, Hartford, Conn.,* 124 S. C., 32, 117 S. E., 70.'

"The last two cases just above cited and quoted from are cited and quoted with approval in the recent case of *Waring v. S. C. Power Co.,* 177 S. C., 295, 181 S. E., 1, 4, opinion by Mr. Associate Justice Fishburne.

"The same rule of law is applicable on the question of contributory negligence. If more than one inference can reasonably be drawn from the testimony, viewing it most favorable to plaintiff, then it is the duty of the trial Judge to submit this issue to the jury."

In our opinion there was sufficient evidence to carry the case to the jury on the question of actionable negligence on the part of appellant, and the contributory negligence of respondent. Probably one of the objects of the ordinances governing the speed of street cars on King Street, which is a narrow street, is to prevent the street car from obtaining such momentum that it cannot be stopped almost

instantly should another vehicle be suddenly forced into its path.

The testimony with reference to the speed of the street car, though meager, was sufficient to take the case to the jury, since the violation of an ordinance is negligence *per se,* and it was for the jury to determine if the collision and resulting injury to respondent would have been avoided had the street car been operated at a slower speed, and reasonable precautions taken to stop it. And it was also a question to be passed upon by the jury if, under the circumstances confronting the driver of the truck, he was negligent in its operation, and if so, did his negligence concurring and combining with the negligence of appellant proximately cause the injury to respondent; or if his negligence concurring and combining with the negligence of a third party was the proximate cause; or if the injury was the result of the sole negligence of the driver of the truck.

It does not follow that, because it may appear from the testimony that an injury may have been caused in one of two or more ways, that the jury may not be allowed to determine in what way it was caused, if the facts and circumstances in evidence warrant a reasonable inference that it was caused in any way alleged in the complaint for which the defendant would be liable. See *Steele v. Atlantic C. L. Railroad Company,* 103 S. C., 102, 87 S. E., 639, 643.

"In civil actions the law does not require proof to a certainty, but it is enough if the evidence is sufficient to satisfy the mind and conscience of the court and jury of the reasonable probability of the truth of the allegations." *Steele v. Atlantic C. L. R. R. Co., supra.*

Nor does it follow that because under the law the trial Judge is compelled to submit the issues to the jury, he cannot grant a new trial absolute. As has often been said, the trial Judge is the thirteenth juror, possessing the veto power to the *n*th degree, and, it must be presumed, recognizes and appreciates his responsibility, and

exercises the discretion vested in him with fairness and impartiality.

This Court has no jurisdiction to review matters of fact in an action at law, except to determine if a verdict is wholly unsupported by evidence. Our holding herein on the exceptions relating to the refusal of the trial Judge to grant a nonsuit or direct a verdict necessarily settles that the verdict is not wholly unsupported by evidence.

The fact that on the cold record we would not have rendered a verdict for respondent cannot control. It may be that had we known the witnesses, and observed their demeanor on the stand, we would view the case in a different light.

In *Payne v. Cohen et al.*, 168 S. C., 459, 465, 167 S. E., 665, 667, Mr. Justice Bonham, in writing the opinion of the Court, stated:

"We hold it to be the settled rule of law in this jurisdiction that the granting of a new trial on the ground that the verdict is so excessive as to show caprice or prejudice is in the discretion of the trial Judge, and, unless abuse of that discretion is shown, the order refusing the motion for new trial on that ground will not be disturbed.

" 'But if a verdict which is only moderately excessive is allowed to stand, the trial Judge is alone responsible; for he alone is vested with power and discretion to set it aside, absolutely or conditionally. This court has no power to do so, *unless, as was said in Bing v. Atlantic Coast Line R. R. Co., 86 S. C. [528], 530, 68 S. E., 645, it is so excessive as to warrant the conclusion that the circuit judge abused his discretion in refusing to grant relief against it.* * * * *To allow such a verdict to stand would be a just reproach upon the administration of justice.'* (Italics added.) *Huggins v. Atlantic Coast Line R. R. Co.,* 96 S. C., 267, 79 S. E., 406, 410."

The trial Judge, on the motion for a new trial, reduced the verdict from $5,000.00 to $3,500.00, which evidences his careful consideration of the amount of the verdict. If it was yet excessive as reduced by the trial Judge, the responsibility

for failure to reduce it in an amount greater must rest upon him. *Huggins v. Atlantic C. L. R. R. Co.,* 96 S. C., 267, 79 S. E., 406.

In *Byus v. Eason,* 178 S. C., 175, 179, 180, 182 S. E., 442, 444, the appellant contended that the verdict of the jury was based upon prejudice, passion, and caprice, and not upon any proof of damage. In overruling the exception to the refusal of the trial Judge to grant a new trial on that ground, Mr. Justice Fishburne, writing the opinion of the Court, stated in part: "The matter of granting a new trial on the grounds stated is left under our law to the discretion of the trial judge who hears the evidence, sees the witnesses, and who is in much better position than this court to judge of the righteousness of verdicts."

We cannot say that the failure of the trial Judge to reduce the verdict in a greater amount constituted an abuse of discretion on his part.

The reduction of the verdict by the trial Judge, the thirteenth juror, as aforesaid, makes it unnecessary for us to consider appellant's Exceptions 6 and 7.

All exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE STABLER, and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.