20087

The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant, v. J. R. TOWNSEND (Tract 18), Respondent

(217 S. E. (2d) 778)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Joseph C. Coleman, Dep. Atty. Gen.,* of Columbia, *for Appellant,* cite:

*Messrs. J. D. Todd, Jr.,* of Greenville, and *Felix L. Finley, Jr.,* of Pickens, *for Respondent,* cite:

August 20, 1975.

Moss, Chief Justice:

The South Carolina State Highway Department, the appellant herein, instituted this condemnation proceeding against J. R. Townsend, the respondent herein, to obtain a right-of-way for highway purposes over a lot of land owned by him. The property is located upon the Main Street in the City of Easley on State Highway 93 and U. S. Highway 123, and was used by the landowner as a site for his motor vehicle dealership. The property sought to be taken for highway purposes was off the front of the property, measuring 160 feet by approximately 16.2 feet or 2600 square feet.

This case was heard *de novo* pursuant to Section 33-139 of the Code, before the Honorable Francis B. Nicholson, Presiding Judge, and a jury, resulting in a verdict for the landowner in the amount of $51,000.

Testimony adduced at the trial as to the value of the land taken was fixed by the appellant's appraiser at $17,500, by the landowner himself at $125,000, and by his appraiser at $63,340.

The record shows that the respondent offered the premises in evidence. Thereafter, the jury was sent to view the premises under the authority contained in Section 38-302 of the Code, which provides:

"The jury in any case may, at the request of either party, be taken to view the place or premises in question or any property, matter or thing relating to the controversy between the parties when it appears to the court that such view is necessary to a just decision, * * *"

It is admitted that the trial judge did not view the premises, nor did he accompany the jurors when they viewed the premises, nor was he requested to do so by the parties to this action.

Upon the rendition of the verdict, in the amount heretofore stated, the appellant moved for a new trial absolute and in the alternative for a new trial *nisi*. The motion for a new trial absolute was on the ground that the verdict was so excessive as to warrant the conclusion that the jury was moved by passion, prejudice, or other improper considerations. The motion for a new trial *nisi* was on the ground of the excessiveness of the verdict.

In refusing the motion for a new trial absolute, the trial judge stated that there was nothing in the trial to indicate the conclusion that the jury was moved by passion, prejudice, or other improper considerations in arriving at its verdict.

The trial judge also refused the motion for a new trial *nisi*, assigning as his reason therefor the following:

"The motion of the Department for new trial *nisi* has, however, given me serious concern because had I been the trier of fact, and if a viewing of the scene did not otherwise produce a change of impression, my verdict would have been at a lesser figure than that of the jury. This Court has consequently pondered the role of the jury and its responsibilities as the judges of the weight of the evidence, coupled with the effect to be given to the jury's viewing of the scene. I have concluded, as a matter of law, that in this type case, where the jury alone goes to view the scene of condemned property and the Trial Judge did not, and was not so requested, to accompany the jury for the same viewing, then so long as the verdict is within the range of valuations expressed in the form of competent and admissible evidence, the Trial Judge is limited in reaching any conclusion of excessiveness."

The appeal here by the State Highway Department is from the order of the trial judge denying its motion for a new trial absolute and a new trial *nisi*.

We conclude that the trial judge committed no error in refusing the motion of the appellant for a new trial absolute upon the ground that the verdict was so excessive as to warrant the conclusion that the jury was moved by passion, prejudice, or other improper consideration.

We come now to the question of whether there was error on the part of the trial judge in refusing the motion for a new trial *nisi* on the grounds stated by him.

The order of the trial judge refusing the appellant's motion for a new trial *nisi* indicates that it was his view that the verdict was excessive, but that he was without legal authority to reduce the verdict because the jury had viewed the premises and he had not.

An order for a new trial *nisi* is one whereby a new trial is granted unless the party opposing it shall comply with a condition prescribed by it. The motion for a new trial *nisi* because of excessiveness of the verdict contemplates not the striking down of the verdict *in toto,* but remission of part of it and the granting of a new trial in default thereof. Such a motion is founded on the contention that the verdict was not inherently unlawful, but was, under the facts of the case, unduly liberal; it is addressed to the discretion of the trial judge, who alone has power to reduce a verdict in this manner. *Elliott v. Black River Electric Cooperative,* 233 S. C. 233, 104 S. E. (2d) 357, and *Gray v. Davis,* 247 S. C. 536, 148 S. E. (2d) 682.

There can be no doubt that a trial judge has the discretionary power to grant a new trial absolute or *nisi* in a law case upon his disapproval of the verdict on factual grounds, and in this role he has been recognized and designated as the thirteenth juror. *Worrell v. South Carolina Power Co.,* 186 S. C. 306, 195 S. E. 638; *Fallon v. Rucks,* 217 S. C. 180, 60 S. E. (2d) 88, and *Cartwright v. Herald Pub. Co.,* 220 S. C. 492, 68 S. E. (2d) 415. In the *Fallon* case, we said that such "discretion is founded upon the facts, the evidence, the witnesses, the trial circumstances, the verdict and the judge's view of them."

In the *Worrell* case we said:

"As has often been said, the trial judge is the thirteenth juror, possessing the veto power to the *N*th degree, and, it must be presumed, recognizes and appreciates his responsibility, and exercises the discretion vested in him with fairness and impartiality."

One of the purposes of a jury view is to enable the jury better to understand the evidence that has been presented to them in the courtroom, and is resorted to when it appears to the court that such view is necessary to a just decision. *Johnson v. S. C. State Highway Department,* 236 S. C. 424, 114 S. E. (2d) 591.

It is apparent to us that the trial judge was concerned with the amount of compensation awarded the landowner. He states that had he been the trier of fact, his verdict would have been at a lesser figure than that of the jury unless a viewing of the property convinced him otherwise. The trial judge reached the conclusion that since the jury had viewed the property being condemned and he had not, then he was without authority as a matter of law to reduce the award for excessiveness, because the verdict was within the range of valuation expressed in the evidence. In so holding he was in error.

Since the trial judge, in his capacity as the thirteenth juror, had the discretionary power to grant a new trial *nisi* upon his disapproval of the verdict on factual grounds, he should have viewed the premises in order that he might properly understand and apply all the oral testimony descriptive of it. If it was proper to permit the jury to view the premises in order to reach a just decision, it was equally proper for the trial judge to do likewise.

We conclude that this case should be remanded to the lower court in order for the trial judge, The Honorable Francis B. Nicholson, to view the premises in question and determine whether he should grant the motion of the appellant for a new trial *nisi* because of excessiveness of the award by the jury. Counsel for the respective parties should be notified and allowed to accompany the trial judge when such view is made. After the trial judge has viewed the premises, he is then authorized to consider the motion of the appellant for a new trial *nisi*.

The judgment of the lower court is affirmed in part, reversed in part, and remanded for consideration of the appellant's motion for a new trial *nisi*, in accordance with the views herein expressed.

LEWIS and BUSSEY, JJ., concur.

LITTLEJOHN and NESS, JJ., concur in result.

NESS, Justice (concurring in result) :

I concur in the result. I am reluctant to hold that in every eminent domain case, where the jury views the premises, that the trial judge must also view them in order to properly consider a motion for a new trial *nisi*. I do not so construe this opinion.

I would suggest that where a jury must arrive at a dollar figure and a view may be proper, the judge need only determine whether the verdict is "reasonable" and most times a view will not be necessary unless he is so requested.

LITTLEJOHN, J., concurs.