567 S.E.2d 851

**Lester W. NORTON, Respondent,**

v.

**NORFOLK SOUTHERN RAILWAY COMPANY, Petitioner.**

**No. 25501.**

Supreme Court of South Carolina.

Heard April 16, 2002.

Decided July 22, 2002.

474

Keith D. Munson, of Womble, Carlyle, Sandridge & Rice, PLLC, of Greenville, for petitioner.

David S. Schnitzer, of Bondurant & Appleton, P.C., of Portsmouth, Virginia, and John David Whisenhunt, Jr., of Florence, for respondent.

Chief Justice TOAL.

Norfolk Southern Railway Company ("Norfolk") appeals the trial court's order granting Lester W. Norton ("Mr. Norton") a new trial after the jury returned a verdict for Norfolk.

## FACTUAL/PROCEDURAL BACKGROUND

Mr. Norton brought this action pursuant to the Federal Employers' Liability Act [1] ("FELA") seeking to recover damages for alleged injury to his knee caused by Norfolk's negligence. The jury returned a verdict for Norfolk, finding no negligence on the part of Norfolk. After the verdict, Mr. Norton moved for a new trial based on South Carolina's thirteenth juror doctrine. [2] The trial court granted Mr. Norton's Motion for New Trial.

▮▮▮ FELA is a federal statute which provides the framework for handling the injury claims of federal railroad workers. State courts have concurrent jurisdiction to hear FELA claims. 45 U.S.C. § 56. A FELA action brought in state court is controlled by federal substantive law and state procedural law. However, a form of practice may not defeat a federal right. *Brown v. Western Ry. of Ala.*, 338 U.S. 294, 70 S.Ct. 105, 94 L.Ed. 100 (1949). It is firmly established that questions of sufficiency of evidence for the jury in cases arising under FELA in state courts are to be determined by federal rules. *Brady v. Southern Ry. Co.*, 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239 (1943).

▮▮ A motion for a new trial involves analysis of the sufficiency of evidence, to be determined by federal, not state,

---

1. 45 U.S.C. § 51 et seq.

2. Mr. Norton's Motion for New Trial and Memorandum in Support are part of the record, and contain his argument for application of the thirteenth juror standard. Norfolk's Motion in Opposition to the Motion for New Trial is not in the record on appeal, but is referred to in the Court of Appeals' decision. *Norton v. Norfolk Southern Railway Company*, 341 S.C. 165, 533 S.E.2d 608 (Ct.App.2000).

rules in FELA actions. In his motion for a new trial, Mr. Norton urged the trial judge to apply the state-law standard for granting a new trial, the thirteenth juror doctrine. The parties now recognize the Motion for New Trial was governed by federal law, and that the trial judge was obligated to apply the federal standard in considering the new trial motion.[3] The Court of Appeals affirmed the grant of a new trial on grounds that the state and federal new trial standards are not distinguishable, and that the new trial motion was properly granted under both the state-law thirteenth juror doctrine and the federal standard.

Norfolk raises the following issues on appeal:

I. Did the Court of Appeals err in holding that there is "no significant difference" between the state-law thirteenth juror doctrine and the federal standard for a new trial, thereby implying that the state and federal standards for a new trial are interchangeable?

II. Did the trial court apply the state-law thirteenth juror doctrine or the appropriate federal standard in granting Mr. Norton's Motion for New Trial?

## LAW/ANALYSIS

### I. State and Federal Standards

Norton argues that the Court of Appeals correctly held that the state-law thirteenth juror doctrine and the federal standard governing the grant of a new trial are substantially similar. We disagree.

South Carolina's thirteenth juror doctrine is well established as the standard for granting a new trial in state law actions. *See Folkens v. Hunt*, 300 S.C. 251, 387 S.E.2d 265 (1990); *Sorin Equipment Co., Inc. v. The Firm, Inc.*, 323 S.C. 359, 474 S.E.2d 819 (Ct.App.1996). Similarly, the federal standard for granting a new trial has been set forth clearly by the Fourth Circuit. *Conner v. Schrader–Bridgeport Int'l, Inc.*, 227 F.3d 179 (4th Cir.2000); *Atlas Food Systems and Services, Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587 (4th Cir.1996). Although the state and federal standards use some similar

---

**3.** In its opinion, the Court of Appeals noted that the parties stipulated at oral argument that federal law governed the issues presented. *Norton.*

language, we do not believe the standards, compared on the whole, are "substantially similar," or similar enough to be used interchangeably.[4]

■ This Court has reviewed the thirteenth juror doctrine on several occasions and has refused to abolish it or to require trial judges to provide reasons for their decisions. *Folkens,* 300 S.C. 251, 387 S.E.2d 265. South Carolina's thirteenth juror doctrine is so named because it entitles the trial judge to sit, in essence, as the thirteenth juror when he finds "the evidence does not justify the verdict," and then to grant a new trial based solely "upon the facts." *Id.* at 254, 387 S.E.2d at 267 (citing *South Carolina State Highway Dep't v. Townsend,* 265 S.C. 253, 217 S.E.2d 778 (1975)). As the "thirteenth juror," the trial judge can hang the jury by refusing to agree to the jury's otherwise unanimous verdict. *Id.* As this Court explained in *Folkens,*

> The effect is the same as if the jury failed to reach a verdict. . . . When a jury fails to reach a verdict, a new trial is ordered. Neither judge nor the jury is required to give reasons for this outcome. Similarly, because the result of the 'thirteenth juror' vote by the judge is a new trial rather than an adjustment to the verdict, no purpose would be served by requiring the trial judge to make factual findings.

*Id.*

■ Upon review, a trial judge's order granting or denying a new trial will be upheld unless the order is "wholly unsupported by the evidence, or the conclusion reached was controlled by an error of law." *Folkens,* 300 S.C. at 254–55, 387 S.E.2d at 267 (citing *South Carolina State Highway Dep't v. Clarkson,* 267 S.C. 121, 226 S.E.2d 696 (1976)). This Court's "review is limited to consideration of whether evidence

---

4. Rule 59 of the South Carolina Rules of Civil Procedure ("SCRCP") and Rule 59 of the Federal Rules of Civil Procedure ("FRCP") set the general standard for new trials. Both the SCRCP and the FRCP rely on prior precedent for granting new trials from the state and federal jurisdictions respectively. Under the SCRCP, a "new trial may be granted . . . (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted, in the courts of the State." The FRCP contains identical language except it relies on the precedent set "in the courts of the United States" rather than the courts of "the State."

exists to support the trial court's order." *Id.* at 255, 387 S.E.2d at 267. As long as there is conflicting evidence, this Court has held the trial judge's grant of a new trial will not be disturbed. *Id.*

The federal standard, on the other hand, is more narrowly tailored. Upon a Rule 59, FRCP, motion,

> a new trial is warranted when (1) the verdict is **against the clear weight of the evidence;** (2) the verdict is based upon evidence which is false; or (3) the verdict will result in a miscarriage of justice. In considering a new trial motion, the district court may weigh the evidence and consider the credibility of the witnesses.

*Conner,* 227 F.3d at 200 (emphasis added) (citing *Atlas,* 99 F.3d 587, 594 (4th Cir.1996); *Wyatt v. Interstate & Ocean Transport Co.,* 623 F.2d 888, 891 (4th Cir.1980)). The Fourth Circuit permits the trial judge to grant a new trial in these three situations "even though there may be substantial evidence which would prevent direction of a verdict." *Atlas,* 99 F.3d at 594.

 Under the federal standard, appellate courts review a district court's grant or denial of a new trial for abuse of discretion only. *Conner; Atlas.* Absent a clear abuse of discretion, the trial judge's decision will not be disturbed, as the trial court is in a position to view the evidence "from a perspective that an appellate court can never match." *Bristol Steel & Iron Works, Inc. v. Bethlehem Steel Corp.,* 41 F.3d 182, 186 (4th Cir.1994) (citations omitted). Despite this broad deference, the Fourth Circuit has held that a material legal error, by definition, constitutes an abuse of discretion. *Conner.*

Although the thirteenth juror standard and the federal new trial standard could be applied in some cases to the same result, we believe the thirteenth juror standard empowers a South Carolina trial judge to grant a new trial on a lesser showing than the federal standard. The Fourth Circuit consistently requires the verdict to be against the "clear weight of the evidence." *Conner; Atlas.* In contrast, the thirteenth juror doctrine has been interpreted consistently by this Court, albeit in varying language, as requiring something less.

For instance, this Court has held, "there can be no doubt that a trial judge has the discretionary power to grant a new trial absolute or Nisi in a law case *upon his disapproval of the verdict on factual grounds*, and in this role he has been recognized and designated as the thirteenth juror." *South Carolina State Highway Dep't v. Townsend*, 265 S.C. 253, 258, 217 S.E.2d 778, 781 (1975) (emphasis added) (citing *Worrell v. South Carolina Power Co.*, 186 S.C. 306, 195 S.E. 638 (1938)). In *Worrell*, this Court went so far as to describe the trial judge, when acting as thirteenth juror, as "possessing the veto power to the Nth degree," and held "it must be *presumed* . . . [that the trial judge] recognizes and appreciates his responsibility, and exercises the discretion vested in him with fairness and impartiality." *Worrell*, 186 S.C. at 313–14, 195 S.E. at 641 (emphasis added).

 Although application of the two standards could conceivably lead to the same result, we find that the thirteenth juror standard is broader and would permit granting of new trials where the federal standard would not. Accordingly, we reverse the Court of Appeals to the extent that it held the two standards to be substantially similar.[5]

## II. Standard Applied in this Case

In this case, the parties now recognize that the federal standard for granting a new trial should apply because the action was brought under the federal FELA statute. *See Brady v. Southern Ry. Co.* At trial, however, Mr. Norton based his motion for a new trial on the state-law thirteenth

---

5. In support of its decision that the federal and state standards for new trials are similar, the Court of Appeals found that a relaxed standard of negligence applies in FELA actions. *Norton.* The Court of Appeals cited an opinion from the Second Circuit in support of this proposition. *Ulfik v. Metro–North Commuter R. R.*, 77 F.3d 54 (2d Cir.1996). Norfolk points out, however, that the Fourth Circuit has not adopted this proposition and, to the contrary, has held "the Supreme Court has cautioned that the FELA . . . is not to be interpreted as a workers' compensation statute and that the *unmodified* negligence principles are to be applied as informed by common law." *Hernandez v. Trawler Miss Vertie Mae, Inc.*, 187 F.3d 432, 436–37 (4th Cir.1999) (emphasis added) (citing *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994)). Considering this precedent, the Court of Appeals created a relaxed standard of negligence in federal law where there is not one, at least not in the Fourth Circuit.

juror doctrine and urged the trial judge to apply that standard in granting a new trial. According to the Court of Appeals' decision, Norfolk argued that the federal standard should apply and the trial judge should deny the Motion for New Trial under that standard. Unfortunately, however, neither Norfolk's Motion in Opposition nor the transcript of the argument of the Motion for New Trial were made part of the record on appeal. The trial court granted the Motion for New Trial, but did not indicate explicitly which standard he was applying in granting the motion. The trial court ruled as follows:

> The Court finds as a matter of fact that the verdict returned herein is contrary to the fair preponderance of the evidence presented at trial. The verdict indicates the jury failed to properly consider and follow the instructions of the court in its deliberations. Accordingly, the Court concludes that the exercise of judicial discretion and the awarding of a new trial for the plaintiff is appropriate and should be granted.

In Mr. Norton's Memorandum in Support of the Motion for New Trial, he argued,

> [t]he verdict returned herein is contrary to the preponderance of the evidence and is not supported by the factual testimony of the parties at trial. The verdict indicates the jury failed to properly consider and follow the instructions of the court in its deliberations. Accordingly, the exercise of judicial discretion and the awarding of a new trial to the plaintiff is appropriate.

The words used in trial judge's order granting the Motion and in Mr. Norton's Memorandum are nearly identical. Both state that the verdict is contradictory to the "preponderance of the evidence" (not that the verdict is against the *clear weight* of the evidence). Further, in support of his argument, Mr. Norton cited *Folkens* and other South Carolina cases enunciating the thirteenth juror doctrine. Mr. Norton did discuss the applicability of federal law to substantive matters, such as negligence, in this case, but appears to have considered the granting of a new trial a purely procedural matter, governed by state law, as he did not cite to any cases illustrating the federal standard for a new trial. Mr. Norton's Motion for New Trial specifically requests a new trial "according to the doctrine of the thirteenth juror," and he never used the

"against the clear weight of the evidence" language employed by the federal courts.

Considering the record before the Court, we believe the trial judge applied the state-law thirteenth juror doctrine, not the federal standard. All parties now agree the appropriate standard for a new trial in this FELA action is the federal standard, but Mr. Norton argues the grant of a new trial should be upheld because the standards are substantially similar. As we concluded that the state and federal standards are not substantially similar, the grant of a new trial cannot be upheld on that ground.

 The trial judge should have applied the federal "against the clear weight of the evidence" standard. Instead, he granted Mr. Norton a new trial based on the state-law thirteenth juror doctrine. By doing so, he committed an error of law, which, by definition, constitutes an abuse of discretion under the federal standard. *See Conner.* We reverse the Court of Appeals on the ground that the trial judge abused his discretion under the applicable federal standard.

Furthermore, if we analyze the Motion for New Trial on the merits under the federal standard (as the trial judge should have done), we reach the same result. Although *some* conflicting evidence was presented in this case, it is more than evident that the jury's verdict was not "against the clear weight of the evidence."[6] Admittedly, there may have been sufficient evidence of negligence to uphold the grant of a new trial under the thirteenth juror "preponderance" standard,[7]

---

6. Mr. Norton alleges he twisted his knee on the job by stepping into an empty cardboard box on the floor that was partially hidden from view by the bottom shelf of a bookcase. He did not report any injury until he twisted his knee again two weeks later. Mr. Norton had surgery to correct a torn miniscus and can no longer perform his job at Norfolk. At trial, the only evidence of Norfolk's negligence presented was the existence of an informal practice by the employees of keeping empty boxes around the workplace to be used to carry various things (nuts and bolts, etc.) from the shop out to the tracks to perform repairs. To the contrary, other evidence established that Norfolk's formal policy required the employees to keep the workspace clean. There was a very visible sign in the shop where Mr. Norton was injured stating it was the responsibility of the employees to keep the workplace clean and tidy.

7. *See Folkens* (upholding a trial judge's grant of a new trial when there is conflicting evidence unless there is an error of law).

but, the federal *against clear weight* standard requires something more than a preponderance to grant a new trial. The record here simply does not reveal anything more than a very small amount of evidence that Norfolk was negligent.

In our opinion, this case illustrates the difference between the state and federal new trial standards, as it is one of the cases where a new trial could be granted under the state-law thirteenth juror doctrine, but not under the federal standard. Mr. Norton is not entitled to a new trial under the applicable federal standard, and the circuit court's grant of a new trial is reversed.

### CONCLUSION

For the foregoing reasons, we **REVERSE** the Court of Appeals and reinstate the jury's verdict.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.