593 S.E.2d 504

Nicholas N. TRIVELAS and Peggy Trivelas, Respondents,

v.

SOUTH CAROLINA DEPT. OF TRANSPORTATION, Appellant.

No. 3739.

Court of Appeals of South Carolina.

Heard Nov. 4, 2003.

Decided Feb. 2, 2004.

Rehearing Denied March 18, 2004.

546

William H. Davidson II, Andrew F. Lindemann and James M. Davis, Jr., all of Columbia, for Appellant.

Leigh James Leventis, and Richard A. Harpootlian, both of Columbia, for Respondents.

HOWARD, J.:

Nicholas and Peggy Trivelas brought this action against the South Carolina Department of Transportation ("DOT") for damages arising from an automobile collision involving a DOT truck. The case was tried before a jury, resulting in a verdict for DOT. DOT appeals the circuit court's grant of a new trial absolute to the Trivelases, arguing the circuit court erred because: 1) as a matter of law, Trivelas was more than fifty percent negligent, and thus, the Trivelases should be barred from recovery by the doctrine of comparative negligence; 2) the court applied the incorrect legal standard for granting a new trial absolute based on the thirteenth juror doctrine; and 3) it failed to consider explanatory and excusatory circumstances while sitting as the thirteenth juror. We affirm.

## FACTS/PROCEDURAL HISTORY

. A truck hauling lumber in an easterly direction on Interstate 20 spilled its load in the roadway, blocking the eastbound lanes of traffic. In response to a request from police, DOT

dispatched a dump truck pulling a trailer and backhoe to assist with the cleanup.

The dump truck approached the spill from the inside, westbound lane of traffic and attempted to cross the median at the location of the spill. In order to do so, the dump truck slowed to approximately ten miles per hour. The dump truck did not have emergency signals or lights and did not cross the median in an area designated for turning.

At the same time, Nicholas Trivelas drove his van in the westbound lane of Interstate 20, and when DOT's dump truck slowed to turn, Trivelas' car collided with the dump truck and trailer. Trivelas sustained severe personal injuries, as well as property damage.

Thereafter, Nicholas Trivelas sued DOT for negligence, and Peggy Trivelas sued DOT for loss of consortium. Prior to trial, the Trivelases moved for partial summary judgment on the issue of negligence, asserting that under any view of the facts, DOT was negligent as a matter of law pursuant to South Carolina Code Annotated sections 56–5–1560(a) (Supp.2002) [1] and 56–5–1920 (1991).[2]

The circuit court granted the Trivelases' motion for partial summary judgment, holding by any view of the evidence, DOT was negligent as a matter of law.

---

1. Section 56–5–1560(a) provides: "No person shall drive a motor vehicle at such a slow speed as to impede the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law."

2. Section 56–5–1920 provides:

Whenever any highway has been divided into two or more roadways by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the right-hand roadway unless directed or permitted to use another roadway by official traffic-control devices or police officers. No vehicle shall be driven over, across or within any such dividing space, barrier or section except through an opening in such physical barrier or dividing section or space or at a crossover or intersection as established, unless specifically prohibited by public authority. For clarification, a left turn across a painted median is authorized unless prohibited by an official traffic-control device.

On appeal, this Court reversed and remanded,[3] ruling that in a light most favorable to DOT, evidence existed within the record by which the jury could find DOT was acting under explanatory or excusatory circumstances, and thus, a violation of the statutes was not negligence as a matter of law.

On remand, the case was tried to a jury. At the close of the trial, DOT moved for a directed verdict, arguing under any view of the evidence, Nicholas Trivelas' negligence was greater than DOT's negligence, and thus, the Trivelases' claims were barred by the doctrine of comparative negligence. The circuit court denied the motion.

DOT then requested the circuit court charge the jury that explanatory and excusatory circumstances could justify operating the DOT truck in derogation of the aforementioned statutes. The circuit court declined, ruling explanatory or excusatory circumstances did not apply to the facts of the case.

Subsequently, the jury returned a verdict in favor of DOT, and the Trivelases moved for a new trial absolute, arguing the evidence presented did not sustain the jury verdict. The circuit court agreed and granted the motion pursuant to the thirteenth juror doctrine. DOT appeals.

## LAW/ANALYSIS

### I. Comparative Negligence

DOT argues the circuit court erred by granting a new trial absolute pursuant to the thirteenth juror doctrine because, as asserted in its motion for directed verdict, a reasonable jury could not find Trivelas was less than fifty-one percent negligent. Thus, DOT contends the Trivelases claims were barred by the doctrine of comparative negligence. We disagree.

Under the comparative negligence doctrine, a plaintiff may only recover damages if his own negligence is not greater than that of the defendant. *Thomasko v. Poole*, 349 S.C. 7, 11, 561 S.E.2d 597, 599 (2002); *Bloom v. Ravoira*, 339 S.C. 417, 422, 529 S.E.2d 710, 712–13 (2000). Generally, under

---

**3.** *Trivelas v. South Carolina Dep't of Transp.*, 348 S.C. 125, 133, 558 S.E.2d 271, 275 (Ct.App.2001).

a less than or equal to comparative negligence rule, determination of respective degrees of negligence attributable to the plaintiff and the defendant presents a question of fact for the jury, at least where conflicting inferences may be drawn. *Brown v. Smalls*, 325 S.C. 547, 559, 481 S.E.2d 444, 451 (Ct.App.1997); *see also Creech v. South Carolina Wildlife and Marine Res. Dept.*, 328 S.C. 24, 32, 491 S.E.2d 571, 575 (1997) (holding comparison of a plaintiffs negligence with that of the defendant is a question of fact for the jury to decide).

In a comparative negligence case, the trial court should only determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiffs negligence exceeded fifty percent. *Bloom*, 339 S.C. at 422, 529 S.E.2d at 713.

In a light most favorable to the Trivelases, the evidence within the record indicates Trivelas was traveling westbound on Interstate 20, during rush hour, at approximately sixty-five miles per hour. There is no indication Trivelas was speeding. Rather, the evidence indicates Trivelas was within the flow of traffic traveling at the posted speed limit.

According to Trivelas, he noticed a brown van immediately in front of his vehicle. The van appeared to be a van he once owned, and for several seconds, Trivelas attempted to determine if the van was his old van. Trivelas determined it was not his old van.

Thereafter, the van abruptly switched from the left lane to the right lane, and, for the first time having an unobstructed view of the road in front of him, Trivelas saw the DOT dump truck and trailer attempting to cross the median of the Interstate, without emergency signals or lights, in a non-designated area. Trivelas applied his brakes but was unable to stop his vehicle before it collided with the dump truck and trailer.

Trivelas testified he was traveling at a safe distance from the van at all times, and he could not see past the van until the van moved from the left to the right lane. Additionally both Trivelas and an accident reconstructionist testified Trivelas could not have done anything to avoid the accident. A human factors analyst also testified people in Trivelas situation would not have sufficient time to react and avoid the accident.

However, if the dump truck had been using emergency signals or lights, Trivelas would have had more time to analyze the situation and perhaps avoid the accident.

■ Viewing the evidence in the record in a light most favorable to Trivelas, we do not believe the sole reasonable inference was that Trivelas was more than fifty percent negligent. *See Bloom*, 339 S.C. at 422, 529 S.E.2d at 713 (In a comparative negligence case, the trial court should only determine judgment as a matter of law if the sole reasonable inference which may be drawn from the evidence is that the plaintiffs negligence exceeded fifty percent.). Rather, the jury could reasonably have found the accident was predominantly caused by the actions of DOTs dump truck driver. Thus, we hold the evidence was conflicting on this point, providing a legal basis for the circuit courts grant of a new trial absolute pursuant to the thirteenth juror doctrine.

## II. The Thirteenth Juror Doctrine

■ DOT argues the circuit court erred by granting a new trial pursuant to the thirteenth juror doctrine because the circuit court applied an incorrect legal standard. We disagree.

■ South Carolina's thirteenth juror doctrine allows the circuit court judge to grant a new trial absolute when the judge finds the evidence does not justify the verdict. *Norton v. Norfolk S. Ry. Co.*, 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002).

During the hearing on the motion for a new trial absolute, the circuit court stated,

AS CHIEF JUSTICE TOAL WROTE IN THE BAILEY V. PEACOCK CASE, WHICH WAS TRIED HERE IN AIKEN COUNTY CIRCUIT COURT, AND I QUOTE, 'THE THIRTEENTH JUROR DOCTRINE IS A VEHICLE BY WHICH THE TRIAL COURT MAY GRANT A NEW TRIAL ABSOLUTE WHEN HE FINDS THE EVIDENCE DOES NOT JUSTIFY THE VERDICT,' AND THEY CITE FOLKENS V. HUNT. THE COURT IS CONVINCED THAT THE EVIDENCE DID NOT JUSTI-

FY THE VERDICT AND THE COURT DOES GRANT A NEW TRIAL ABSOLUTE IN THIS CASE.

(emphasis in original). Furthermore, the circuit court's subsequent order states in pertinent part:

In view of the facts introduced at trial, and after due consideration of all factual evidence and testimony offered at trial, this Court is of the opinion that conflicting evidence was presented on the issues of liability and, therefore, evidence existed from which the jury might reasonably have inferred that the Plaintiffs' injuries were proximately caused by the negligence of the Defendant. THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that, based upon the factual evidence, this Court finds that justice was not done by the jury's verdict, and in the exercise of the discretionary powers of this Court ... the Plaintiffs ... are ... granted a new trial absolute.

(emphasis in original).

DOT contends the language in the circuit court's order indicates the circuit court granted the new trial absolute merely because conflicting evidence existed within the record. However, viewing the circuit court's order as a whole, coupled with the court's statements during the hearing, it is clear the circuit court granted the Trivelases' motion for a new trial absolute because it believed "THE EVIDENCE DID NOT JUSTIFY THE VERDICT[,]" and thus, "justice was not done by the jury's verdict ..." (emphasis as in original). *See State v. Evans*, 354 S.C. 579, 584, 582 S.E.2d 407, 410 (2003) (holding an appellate court must view the circuit court's statements as a whole to determine its reasoning); *Dibble v. Sumter Ice & Fuel Co.*, 283 S.C. 278, 282, 322 S.E.2d 674, 677 (Ct.App.1984) ("An order should be construed within the context of the proceeding in which it is rendered."); *see also Eddins v. Eddins*, 304 S.C. 133, 135, 403 S.E.2d 164, 166 (Ct.App.1991) (holding judgments are to be construed as other instruments, and the determinative factor is the intention of the court, considering the judgment in its entirety). This is the appropriate legal standard for granting a new trial absolute based on the thirteenth juror doctrine. *See Norton*, 350 S.C. at 478, 567 S.E.2d at 854. Thus, we hold the circuit court did not err.

DOT next argues the circuit court erroneously refused to charge explanatory or excusatory circumstances, and thus, when the circuit court granted DOT's motion for a new trial absolute pursuant to the thirteenth juror doctrine, it based its decision on an error of law.

■ The thirteenth juror doctrine is a vehicle by which the circuit court may grant a new trial absolute when it finds the evidence does not justify the verdict. *Norton*, 350 S.C. at 478, 567 S.E.2d at 854. The effect is the same as if the jury failed to reach a verdict, and thus, the circuit court is not required to give any reason for granting the new trial. *Folkens v. Hunt*, 300 S.C. 251, 254, 387 S.E.2d 265, 267 (1990). Rather, assuming evidence exists to support the circuit court's order, the circuit court "judge ... [, sitting as] the thirteenth juror, possess[es] the veto power to the Nth degree ..." *Worrell v. South Carolina Power Co.*, 186 S.C. 306, 313–14, 195 S.E. 638, 641 (1938). Therefore, a circuit court's order granting or denying a new trial upon the facts will not be disturbed unless its decision is wholly unsupported by the evidence or the conclusion reached was controlled by an error of law. *South Carolina State Highway Dep't v. Clarkson*, 267 S.C. 121, 126–27, 226 S.E.2d 696, 697 (1976).

The DOT's argument presumes the circuit court premised its decision to grant a new trial absolute on an earlier legal conclusion that explanatory and excusatory circumstances should not be charged. However, other than the statement, "justice was not done by the jury's verdict," the circuit court did not state its reasons for granting the new trial absolute. Furthermore, the circuit court is not required to do so. *See Folkens*, 300 S.C. at 254, 387 S.E.2d at 267 (holding a circuit court is not required to give any reason for granting a new trial absolute based on the thirteenth juror doctrine).

■ Thus, we decline to speculate on the significance of the court's prior rulings as the underlying basis for the decision to grant a new trial absolute. Rather, where, as here, the circuit court applied the correct legal standard for granting a new trial, and conflicting evidence exists on the contested issues, a circuit court's decision to sit as a thirteenth juror and grant a new trial absolute is inviolable. *See Worrell*, 186 S.C. at 313–14, 195 S.E. at 641 (holding a "judge ... [, sitting as] the

thirteenth juror, possess[es] the veto power to the Nth degree ...");  *see also South Carolina State Highway Dep't,* 267 S.C. at 126–27, 226 S.E.2d at 697 (holding an appellate court may not disturb a circuit court's decision to grant or deny a motion for new trial absolute based on the thirteenth juror doctrine unless the decision is wholly without evidentiary support or is the result of an error of law).

## CONCLUSION

For the foregoing reasons, the decisions of the circuit court are

**AFFIRMED.**

HEARN, C.J., and KITTREDGE, J., concur.