THIS
OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 

THE STATE OF SOUTH CAROLINA

In The Court of Appeals

 

 

 
 
 Victor N. Ambruoso,
 MD, and Rachael Ambruoso,
 
 
 Appellants,
 
 

 

v.

 
 
 Frank L. Lee,
 Jr.,
 
 
 Respondent.
 
 

 

 

__________

 

Appeal From Spartanburg County

 Doyet A. Early, III, Circuit Court
Judge

 

__________

 

Unpublished Opinion No.  
2010-UP-158

Heard December 9, 2009  Filed February
23, 2010

__________

 

AFFIRMED

__________

 

Donald C. Coggins, Jr., and Amanda H.
Craven, of Spartanburg, for Appellants.

 

Michael James Sarratt, of Landrum, and T.
David Rheney, of Greenville, for Respondent.

 

 

 

PER CURIAM:  Dr.
Victor N. Ambruoso and Rachel Ambruoso appeal the trial court's denial of their
motions for a new trial.  They argue the court should have granted new
trial absolute due to the inadequacy of the jury's verdict or new trial
pursuant to the thirteenth juror doctrine.  They also assert they were
entitled to a new trial due to an error on the verdict form.  We affirm.

 

FACTS/PROCEDURAL HISTORY

 

On April 12, 2004, the
Ambruosos were involved in an automobile accident with Frank L. Lee, Jr. 
Dr. Ambruoso was driving a 1997 Chevrolet Blazer in which Mrs. Ambruoso was a
passenger.  They were stopped to make a left turn when the truck driven by
Lee collided into the rear of their vehicle.  Their Blazer was totaled as
a result of the accident.  

 

Immediately after the
accident, Lee left his vehicle and went to the Blazer to apologize for the
accident.  The Ambruosos exited their vehicle and began talking to
Lee.  They admittedly were upset with him.  Kenneth Bishop, who had
stopped to offer assistance, asked the Ambruosos to return to their vehicle,
which they did.  Soon thereafter, an ambulance arrived and took them to
the hospital where they were treated and released.  The Ambruosos were
referred to Dr. Gerald Rollins with Orthopedic Associates.  Dr. Ambruoso
was treated by Dr. Rollins and underwent physical therapy through June 16,
2004.  Dr. Ambruoso testified that his problems were largely resolved at
that point.  Mrs. Ambruoso was treated by Dr. Rollins and underwent
physical therapy through August 9, 2004.  Although some of her pain
resolved a few weeks after the accident, she continued to experience pain in
her right hip, which had caused her problems prior to the accident.  She
eventually had hip replacement surgery at Duke University Medical Center in
February of 2005.  After a long recovery period, Mrs. Ambruoso's hip pain
largely subsided.  However, due to her fear of reinjuring herself, she did
not return to her previous activities of skiing and horseback riding.

 

The Ambruosos brought this
action against Lee.  During the trial, Lee admitted fault.  Thus, the
trial court submitted the issue of damages alone to the jury.  The jury
returned a verdict of $6,210.00 in actual damages for Dr. Ambruoso and
$4,472.00 in actual damages for Mrs. Ambruoso.  The Ambruosos requested
ten days to file their post-trial motion.  In their written motion, they
sought a new trial nisi additur and new trial absolute based on the inadequacy
of the verdict and new trial pursuant to the thirteenth juror doctrine. 
They also argued they were entitled to a new trial due to the inclusion of
State Farm Insurance Company as a defendant in the caption of the verdict
form.  The trial court denied the motion.  This appeal
followed.    

 

LAW/ANALYSIS

 

1.      New trial absolute

 

The Ambruosos argue the trial
court erred in denying their motion for a new trial absolute due to the
inadequacy of the verdict.  We disagree.  

         

"The trial court has
sound discretion when addressing questions of excessiveness or inadequacy of
verdicts, and its decision will not be disturbed absent an abuse of
discretion."  Dillon v. Frazer, 383 S.C. 59, 63, 678 S.E.2d
251, 253 (2009).  The court must look at the testimony and inferences
raised in the light most favorable to the nonmoving party.  Welch v.
Epstein, 342 S.C. 279, 302-03, 536 S.E.2d 408, 420 (Ct. App. 2000). 
In considering a motion for a new trial based on the inadequacy or
excessiveness of the jury's verdict, the trial court must distinguish between
awards that are merely unduly liberal or conservative and awards that are
actuated by passion, caprice, prejudice, or some other improper motive.  Elam
v. S.C. Dep't of Transp., 361 S.C. 9, 27, 602 S.E.2d 772, 781 (2004). 
The
trial court must set aside a verdict only when it is shockingly
disproportionate to the injuries suffered.  Welch, at 302, 536
S.E.2d at 420.  A jurys determination of damages is
entitled to substantial deference.  Knoke v. S.C. Dept. of Parks,
Recreation & Tourism, 324 S.C. 136, 141, 478 S.E.2d 256, 258 (1996). 

 

The Ambruosos contend the
injuries for which they claimed damages were consistent with the impact of the
collision.  They assert no evidence was submitted that questioned the
existence of these injuries or the initial treatment they received, which
included the ambulance service, emergency room treatment, follow-up treatment
with Dr. Rollins, and the physical therapy ordered through his office. 
They claim the total costs for these treatments were $3,400.00 for Dr. Ambruoso
and $6,067.00 for Mrs. Ambruoso.  The jury, however, returned a verdict of
$6,210.00 in actual damages for Dr. Ambruoso and $4,472.00 in actual damages
for Mrs. Ambruoso.  

 

"Even where the evidence
is uncontradicted, the jury may believe all, some, or none of the testimony,
and where the credibility of the witness has been questioned, the matter is
properly left to the jury to decide."  Ross v. Paddy, 340 S.C.
428, 434, 532 S.E.2d 612, 615 (Ct. App. 2000).  "The fact that
evidence is not contradicted by direct evidence does not render it undisputed,
as there still remains the question of its inherent probability and the
credibility of the witnesses or his interest in the result."  Id.

 

In the present case, Lee
contested Mrs. Ambruoso's claim for damages relating to her hip problems and
eventual hip replacement surgery.  Lee solicited testimony Mrs. Ambruoso
had complained of and sought treatment for hip pain prior to the
accident.  An x-ray taken on April 29, 2003 showed advanced arthritis of
the right hip.  She then sought treatment from Dr. Lang with Duke
University Medical Center.  During an examination by Dr. Lang on April 1,
2004, Mrs. Ambruoso showed a decreased range of motion.  She reported to
her orthopedic surgeon in December of 2004 that while she had led an active
lifestyle, starting two years earlier she had become increasingly inactive and
gained weight.  In addition, Mrs. Ambruoso took medication for arthritis,
pain relief, and depression in the months preceding the accident.  

 

Although the Ambruosos are
not disputing on appeal the jury's failure to award damages for Mrs. Ambruoso's
treatment at Duke University Medical Center, they do argue they are entitled to
recover damages for the treatment from Dr. Rollins, as well as an MRI taken on
July 20, 2004, which cost $2,195.00.  Dr. Rollins testified that on June
14, 2004, he believed Mrs. Ambruoso's complaints would be resolved in around
thirty days of conservative treatment.  He did not plan on seeing her back
after that point.  However, Mrs. Ambruoso had returned to Dr. Rollins on
August 9, 2004 with primary complaints of hip and back pain after having an MRI
taken on July 20, 2004.  The MRI of her right hip showed advanced chondromalacia,
arthritis, and in Dr. Rollins' opinion, avascular necrosis, which is death of
the bone.  The jury may have determined not all of the treatments claimed
were in fact related to injuries caused by the accident, but were in fact due
to the pre-existing condition of her hip.  

 

The Ambruosos also contend
the verdict for Dr. Ambruoso was inadequate when considering his testimony
concerning his loss of income due to the accident.  Dr. Ambruoso claimed
$2,455.20 in lost income from the appointments he cancelled at his part-time
medical practice to attend his own appointments, court, and a meeting with his
attorney.  This amount, added to the cost of his medical treatment of
$3,400.00, totals $5,855.20, which is less than the jury's award of $6,210.00. 
Thus, the verdict amount is not "shockingly disproportionate to
the injuries suffered."  In addition, Lee contested the amount Dr.
Ambruoso claimed in lost income.  He asserted Dr. Ambruoso could have
mitigated the loss of cancelled appointments by scheduling his own appointments
on the days in which his part-time medical practice was not open.  Lee
also contended Dr. Ambruoso overestimated the number of appointments that might
have been scheduled on the days he closed the practice in advance to attend his
own appointments.  Accordingly, the jury may have rejected some of Dr.
Ambruoso's claims for damages for lost income.  

 

We find the jury's award of damages was
within the evidence presented at trial.  Accordingly, we hold the trial
court did not abuse its discretion in denying the Ambruosos' motion for a new
trial absolute.  

 

2.      Thirteenth
Juror Doctrine

 

The Ambruosos argue the trial
court should have granted a new trial under the thirteenth juror
doctrine.  We disagree.

 

In South Carolina, a trial judge
may grant a new trial following a jury verdict under the thirteenth juror
doctrine. The doctrine "entitles the trial judge to sit, in essence, as
the thirteenth juror when he finds 'the evidence does not justify the verdict,'
and then to grant a new trial based solely 'upon the facts.'"  Norton
v. Norfolk S. Ry. Co., 350 S.C. 473, 478, 567 S.E.2d 851, 854 (2002)
(quoting Folkens v. Hunt, 300 S.C. 251, 254, 387 S.E.2d 265, 267
(1990)).  "As the 'thirteenth juror', the trial judge can hang the
jury by refusing to agree to the jury's otherwise unanimous
verdict."  Id.

 

The appellate court will
uphold the trial judge's decision granting or denying a new trial unless that
decision is wholly unsupported by the evidence, or the conclusion reached was
controlled by an error of law.  Norton, 350 S.C. at 478, 567 S.E.2d
at 854.  Our review is limited to consideration of whether evidence exists
to support the trial court's decision.  Id.  at 478-79, 567
S.E.2d at 854.  "The 'thirteenth juror' doctrine is not used when the
trial judge has found the verdict was inadequate or unduly liberal and,
therefore, is not a vehicle to grant a new trial nisi additur."  Bailey
v. Peacock, 318 S.C. 13, 15, 455 S.E.2d 690, 692 (1995).

 

Lee asserted the Ambruosos
were not entitled to any damages as a result of the accident.  He was not
required to submit evidence directly contradicting their testimony in order for
their claims to be considered contested.  As stated above, the trial
court's decision to allow the jury's verdict to stand was supported by the
evidence in the record.  Accordingly, we find no error in the trial
court's denial of the Ambruosos' motion for a new trial pursuant to the
thirteenth juror doctrine.  

 

3.      Verdict Form

 

The Ambruosos argue they are
entitled to a new trial because the verdict form impermissibly included
evidence of liability insurance.  The verdict form listed State Farm
Mutual Automotive Insurance as a defendant.  Although this form was
provided to the attorneys prior to its submission to the jury, the Ambruosos
did not object to it at that time.  After the jury returned its verdict,
the court noticed the inclusion of State Farm as a defendant.  The
Ambruosos did not complain about the inclusion of State Farm in the caption of
the verdict form until their post-trial motion.  The trial court held the
Ambruosos had waived any objection by failing to object earlier.  As the
trial court noted, all of the parties had an opportunity to review and approve
the verdict form before it was submitted to the jury.  We find the trial
court did not err in holding the Ambruosos waived their objection to the
verdict form.  See Jackson v. Speed, 326 S.C. 289, 304, 486
S.E.2d 750, 757 (1997) (finding appellant waived claim of lack of notice of
cause of action by failing to object to having his name included on the verdict
form); Johnson v. Hoechst Celanese Corp., 317 S.C. 415, 421, 453 S.E.2d
908, 912 (Ct. App. 1995) (holding by failing to object to a verdict form until
after a liability verdict had been reached, appellant failed to preserve any
issue relating to the verdict form).  

 

In addition, we find the
trial court cured any error with an instruction given the jury.  During
deliberations, the jury sent a note to the court asking:  "Does
insurance affect the settlement?  If it does, what percentage of the bills
will be paid by insurance[?]"  The court responded:  "It
does not affect your verdict.  It is not to be considered or
discussed."  Although the court was not aware of the inclusion of
State Farm in the caption of the verdict form at the time, its response to the
jury's question adequately addressed the issue.  "Generally, a
curative instruction is deemed to have cured any alleged error."  State
v. Walker, 366 S.C. 643, 658, 623 S.E.2d 122, 129 (Ct. App. 2005). 
"A curative instruction to disregard incompetent evidence and not to
consider it during deliberation is deemed to have cured any alleged error in
its admission."  Id. at 658, 623 S.E.2d at 130. 
Accordingly, we find the trial court did not abuse its discretion in denying
the Ambruosos' motion for new trial on this issue.  

 

CONCLUSION

 

 

For the above
stated reasons, the decision of the trial court is 

 

AFFIRMED.

 

HUFF,
WILLIAMS, and GEATHERS, JJ. concur.