24087

William Lewis BOONE, Respondent v. Felix Donnell GOODWIN, Appellant.

(444 S.E. (2d) 524)

Supreme Court

*William B. Woods* and *Donna M. Seegars*, of *Brown & Woods*, Columbia, *for appellant*.

*H. Jackson Gregory*, Columbia, *for respondent*.

Submitted April 20, 1994.

Decided June 6, 1994; Reh. Den. June 30, 1994.

*Moore, Justice:*

This is an appeal from the granting of a motion for a new trial. We reverse.

## FACTS

On Mach 2, 1993, following a two-day personal injury trial, the jury returned a verdict for appellant. Respondent declined to make any motions. On March 4th, respondent moved for a new trial or judgment notwithstanding the verdict (JNOV). On April 5th, the trial judge granted respondent's motion and ordered a new trial finding it within the trial judge's discretion to entertain such a motion.

## ISSUE

Did respondent timely move for a new trial?

## DISCUSSION

Rule 59(b), SCRCP, provides in part: "The motion for a new trial shall be made promptly after the jury is discharged, or in the discretion of the court not later than 10 days thereafter."[1] Appellant contends this rule should be interpreted so that "[c]ounsel must move for a new trial promptly after the return of the verdict, or request ten days within which to make the motion." H. Lightsey and J. Flanagan, *South Carolina Civil Procedure* 389 (2d ed. 1976). We agree. The Reporter's Note following Rule 59 states: "In jury trials, post-trial motions are made promptly at the end of the trial, or at that time

---

[1] Rule 50(e) provides the same language in regard to a motion for JNOV.

the court, upon motion, may grant an additional ten days to make them."[2]

Respondent urges us to apply the holding in *Buxton v. Thompson Dental Co.*, 307 SC. 523, 415 S.E. (2d) 844 (Ct. App. 1992). In that case, the Court of Appeals interpreted Rule 59(b) so that if a party did not timely move for a new trial promptly after the jury was discharged, the trial court could in its discretion hear the motion if it were made within the ten-day period. Our Rule 59(b) differs from the federal rule in that the federal rule allow a party to serve a motion for a new trial not later than ten days after entry of the judgment. Under the Court of Appeals' analysis, there is no difference in our rule 59(b) and the federal rule. We do not agree with this analysis. We hold a party must make a motion for a new trial promptly after the jury is discharged or request ten days within which to make the motion. To the extent *Buxton* is inconsistent with this opinion, it is overruled. The order granting a new trial is

Reversed.

HARWELL, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.

———

[2]There is a substantially similar note following Rule 50.