HILL, J.:
**240 This appeal follows the trial of a wrongful death and survival action. Sixteen-year-old John Corey Stringfellow (Corey) died from injuries sustained as a passenger in a family car being driven by his older brother, Cameron. Evidence at trial indicated that, while their parents were out of town, Corey and Cameron left home around 1:00 a.m. to obtain marijuana from a friend's house. Both had smoked marijuana earlier, and Cameron-set to graduate from high school the next week-had been drinking alcohol and had taken Xanax. On the way back home, Cameron began speeding through their residential neighborhood, struck a parked car, and then a tree, resulting in Corey's death. It was estimated they had been traveling in excess of ninety miles-per-hour. Toxicology reports revealed Cameron's blood alcohol level to be 0.186. Corey had no trace of alcohol in his system, but both brothers had significant levels of tetrahydrocannabinol (THC)-the active ingredient in marijuana.
Cameron later pled guilty to manslaughter and driving under the influence. Corey's Estate brought this action against Cameron. At trial, the Stringfellow's underinsured motorist carrier, The Travelers Home and Marine Insurance Company (Travelers), assumed Cameron's defense, alleging Corey was comparatively negligent and engaged in a joint enterprise with Cameron.
The trial court granted the Estate's motion for a directed verdict on the ground that Cameron's conduct was reckless and a proximate cause of Corey's death. The only issue left for the jury was whether Corey had been comparatively negligent.
**241 The jury found Corey 51% negligent, barring his Estate from any recovery. Immediately after the verdict was published-and while the jury was still in the jury box-the trial court asked for any post-trial motions. The Estate moved for, among other things, a new trial under the thirteenth juror doctrine. The trial court took the motion under advisement and released the jury. After a hearing several weeks later on the Estate's motion, the trial court invoked the thirteenth juror *720 doctrine and granted the motion for a new trial on the wrongful death portion of the Estate's claim. Travelers now appeals.
I.
Travelers first asks us to deem the Estate's new trial motion void because it was made before the jury was discharged. Travelers focuses on the following language of Rule 59(b) of the South Carolina Rules of Civil Procedure (SCRCP): "The motion for a new trial shall be made promptly after the jury is discharged , or in the discretion of the court not later than 10 days thereafter." Rule 59(b), SCRCP (emphasis added). Travelers insists the Estate's motion was untimely because it was made before the jury's discharge and no motion was made after the jury was discharged. The trial court rejected Travelers' interpretation, and so do we.
Interpretation of a rule is a question of law we review de novo. Our role in interpreting a statute or court rule is to determine what the legislature intended to accomplish. Hodges v. Rainey , 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). The best evidence of this intent is the words used, and often what the legislature meant is readily revealed by the plain meaning of those words. See Smith v. Tiffany , 419 S.C. 548, 555-56, 799 S.E.2d 479, 483 (2017). But meaning can be obscured rather than revealed if words are isolated and cut off from context. We are interpreting a rule, not a dictionary entry, and how words are arranged often determines meaning; as Mark Twain explained, it's "the difference between the lightning-bug and the lightning."
According to Travelers, the meaning of Rule 59 is plain: a motion for new trial is a nullity unless it is made promptly after the jury is discharged or-if the judge allows-not later **242 than ten days after the jury is discharged. In Travelers' view, any motion made outside these points has no effect. See Boone v. Goodwin , 314 S.C. 374, 376, 444 S.E.2d 524, 525 (1994) ("We hold a party must make a motion for a new trial promptly after the jury is discharged or request ten days within which to make the motion.").
We decline to parse the language of Rule 59 in the manner Travelers requests. The purpose of the rule is to promote finality of judgments by requiring parties to move for a new trial promptly after they learn of an adverse verdict. Counting a party's new trial motion made in the brief period between return of the verdict and the jury's discharge as timely prejudices no one and advances the interests served by Rule 59.
Some post-trial motions-such as those seeking to correct or clarify an inconsistent verdict-must for practical reasons be made before the jury is discharged, or they are forever lost. Nothing in Rule 59(b) states or implies that a new trial motion is barred if it is made before the jury is discharged. The drafters understood it was the end of the trial that started the clock. See Note to 1986 amendment to Rule 59(b), SCRCP ("In jury trials, post-trial motions are made promptly at the end of trial , or at the time the court, upon motion, may grant an additional ten days to make them.") (emphasis added). They did not dwell on the nuances of when the jury is officially discharged (nuances that might cause quibbles over, for example, whether jurors whose service in one case has ended but remain in the jury pool for selection in other cases have been "discharged" within the meaning of Rule 59 ). This understanding was informed by what practicing lawyers know: once the verdict is in, the bell has rung, and the reflex rises in losing counsel to move for a new trial, an instinct confirmed here by the trial court's invitation. We are reminded that a rule, like a statute, is not to be read "in an atmosphere of sterility, but in the context of what actually happens when human beings go about the fulfillment of its purposes." Bolton v. Doe , 266 S.C. 344, 349, 223 S.E.2d 187, 189 (1976).
We must reject literal interpretations that are literally absurd. Our courts have read rules setting time limits in the light of common sense. See, e.g. , **243 Hamm v. S.C. Pub. Serv. Comm'n. , 287 S.C. 180, 181-82, 336 S.E.2d 470, 471 (1985) (rejecting construction of statute providing that appeals of agency rulings must be commenced within thirty days after decision that would preclude consideration of when ruling was actually received: *721 "While a literal reading [of the statute] suggests the thirty days to appeal runs from the time the decision is made, we believe the statute must be read to allow a party thirty days after notice of a decision to bring an appeal. However clear the language of a statute may be, the court will reject that meaning when it leads to an absurd result not possibly intended by the legislature").
Courts elsewhere have rejected the version of "gotcha" Travelers promotes. Federal Rule 59(b) starts the clock for a new trial motion upon "entry of judgment" rather than the discharge of the jury, and in 2009 was amended to give parties 28 days rather than 10 to move for a new trial. Nevertheless, the principle in play is the same: whether a premature motion for new trial counts. Most courts agree it does. See, e.g. , Dunn v. Truck World, Inc. , 929 F.2d 311, 312-13 (7th Cir. 1991) ("[W]e must decide whether the loser may file a motion for a new trial before the entry of judgment. If this is the question, then the answer is easy. It may. Rule 59 says that the motion must come 'not later than 10 days after entry of the judgment.' A pre-judgment motion satisfies this requirement."); Hilst v. Bowen , 874 F.2d 725, 726 (10th Cir. 1989) ("Although Rule 59 motions are to be served not later than ten days after entry of judgment, courts and commentators generally agree that this ten-day limit sets only a maximum period and does not preclude a party from making a Rule 59 motion before a formal judgment has been entered"); Douglas v. Union Carbide Corp. , 311 F.2d 182, 184 (4th Cir. 1962) ("The wording of Rule 59(b) was designed to be broad enough to permit the motion to be made both before and after the entry of judgment."); Southall v. State , 300 Ga. 462, 796 S.E.2d 261, 267 (2017) ("[W]e conclude that a prematurely filed motion for new trial that sufficiently identifies the judgment involved becomes fully effective upon entry of that judgment."); Kor Xiong v. Marks , 193 N.C.App. 644, 668 S.E.2d 594, 600 (2008) ( Rule 59 motion may be made before entry of judgment); Shamrock, Inc. v. Fed. Deposit Ins. Corp. , 36 Mass.App.Ct. 162, 629 N.E.2d 344, 348 (1994) (same); see also **244 11 Wright & Miller, Federal Practice & Procedure , § 2812 (3d ed. 2019) ("[T]here is nothing to prevent making a motion for a new trial before judgment has been entered.").
We join these authorities and hold a Rule 59(b), SCRCP, new trial motion made after the verdict has been returned but before the jury has been discharged is timely.
II.
Travelers' next argument-that the trial court erred in invoking the thirteenth juror doctrine-fares no better. The thirteenth juror doctrine empowers a trial court who believes the verdict is contrary to the evidence to "hang" the jury, thus necessitating a new trial. Trivelas v. S.C. Dep't of Transp. , 357 S.C. 545, 553, 593 S.E.2d 504, 508 (Ct. App. 2004) ("The effect is the same as if the jury failed to reach a verdict, and thus, the circuit court is not required to give any reason for granting the new trial."). The doctrine arms the trial court with "the veto power to the Nth degree." Worrell v. S.C. Power Co. , 186 S.C. 306, 313, 195 S.E. 638, 641 (1938). The trial court is not required to explain or justify its decision to invoke the doctrine, and-because it is obligated to see that justice is done-it is duty-bound to grant a new trial if the evidence does not support the verdict. Folkens v. Hunt , 300 S.C. 251, 254-55, 387 S.E.2d 265, 267 (1990). We must uphold a trial court's thirteenth juror decision unless it is "wholly unsupported by the evidence." Worrell , 186 S.C. at 314, 195 S.E. at 641.
The trial court found the jury's verdict that Corey was 51% negligent was "against the fair preponderance of the evidence." Plenty in the record backs up the trial court's conclusion. Cameron admitted he was at fault and reckless, and his guilty pleas corroborated his fault. He also testified he had been driving safely before he alone made the decision to race through a twenty-five mile-per-hour zone, admitting he was "gunning it."
Travelers argues the evidence about Corey's involvement was conflicting. Of course *722 it was; had it not been, the jury would not have been needed. And "where, as here, the circuit court applied the correct legal standard for granting a new **245 trial, and conflicting evidence exists on the contested issues, a circuit court's decision to sit as a thirteenth juror and grant a new trial absolute is inviolable." Trivelas , 357 S.C. at 553, 593 S.E.2d at 508.
We therefore affirm the well-reasoned rulings of the experienced trial judge.
AFFIRMED.[1]
WILLIAMS and GEATHERS, JJ., concur.

We decide this case without oral argument pursuant to Rule 215, SCACR.