**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Linda C. Horne, Appellant,

v.

Kelsey Rae Clapp, Respondent.

Appellate Case No. 2023-001405

———————

Appeal From Lancaster County
Daniel Dewitt Hall, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-036
Submitted January 2, 2026 – Filed February 4, 2026

———————

**AFFIRMED**

———————

David Reese Blackwell, II, of David Blackwell Law, LLC, of Lancaster; Daniel W. Luginbill, of McGowan Hood Felder & Phillips, of Mount Pleasant; and Jordan Christopher Calloway, of McGowan Hood Felder & Phillips, of Rock Hill, all for Appellant.

Harold Craig Spears and Christopher Patrick Raab, both of Caudle & Spears, PA, of Charlotte, North Carolina; and Todd Russell Flippin, of Holcombe Bomar, PA, of Spartanburg, all for Respondent.

———————

**PER CURIAM:** Linda C. Horne appeals the circuit court's denial of her motion for a new trial. On appeal, Horne argues the circuit court abused its discretion when it submitted a verdict form to the jury that allowed the jury to find Kelsey Rae Clapp's negligence did not proximately cause any of Horne's injuries despite a stipulation between the parties that Clapp was negligent in causing the accident and Clapp's negligence caused $1,055 in chiropractic care damages. Horne also argues the circuit court abused its discretion in denying her motion for a new trial because the jury's finding that Clapp's negligence did not proximately cause Horne's damages showed a disregard for the court's instructions regarding the stipulation. We affirm pursuant to Rule 220(b), SCACR.

1. We hold Horne's argument regarding the circuit court's verdict form is not preserved for review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal . . . ."); *S.C. Dep't of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301-02, 641 S.E.2d 903, 907 (2007) ("There are four basic requirements to preserving issues at trial for appellate review. The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity." (quoting Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 57 (2d ed. 2002))). Horne objected to the circuit court's proposed verdict form because the form failed to separate the types of damage involved in the case. Horne did not object to the portion of the form allowing the jury to determine proximate cause. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) (per curiam) ("A party may not argue one ground at trial and an alternate ground on appeal.").

2. We hold the circuit court did not abuse its discretion in denying Horne's motion for a new trial. *See Vinson v. Hartley*, 324 S.C. 389, 405, 477 S.E.2d 715, 723 (Ct. App. 1996) ("The grant or denial of new trial motions rests within the discretion of the trial judge and his decision will not be disturbed on appeal unless his findings are wholly unsupported by the evidence or the conclusions reached are controlled by error of law."). First, although the parties discussed the stipulation of Horne's chiropractic damages during opening and closing statements, the parties never entered that stipulation into evidence. Thus, the stipulation was not before the jury for consideration. *See McManus v. Bank of Greenwood*, 171 S.C. 84, 84, 171 S.E. 473, 475 (1933) ("[Our supreme court] has repeatedly held that statements of fact appearing only in argument of counsel will not be considered."). Second, the jury's verdict was consistent with the law as charged, that the jury was to accept as fact that Clapp was negligent but that it was also required to determine if that negligence was the proximate cause of any of Horne's damages. *See Nelson v.*

*Harris*, 441 S.C. 379, 391, 893 S.E.2d 592, 598 (Ct. App. 2023) ("[W]e are unable to find the verdict demonstrates the jury failed to follow the court's instruction . . . . Because the . . . trial evidence supports the jury's award, we find the circuit court did not abuse its discretion in denying [the plaintiff's] motion for a . . . new trial absolute."). Finally, the record contains evidence to support the jury's finding that Clapp's admitted negligence did not proximately cause Horne's injuries. *See Ex parte Travelers Home & Marine Ins. Co.*, 427 S.C. 238, 244, 830 S.E.2d 718, 721 (Ct. App. 2019) ("The thirteenth juror doctrine empowers a trial court who believes the verdict is contrary to the evidence to 'hang' the jury, thus necessitating a new trial."); *id.* ("[B]ecause [the circuit court] is obligated to see that justice is done—it is duty-bound to grant a new trial if the evidence does not support the verdict."); *Vinson*, 324 S.C. at 411-12, 477 S.E.2d at 727 ("The jury could have determined that the medical bills testified to by [the plaintiff] were not the result of the accident which gave rise to th[e] suit."); *id.* at 411, 477 S.E.2d at 727 ("[C]redibility of witnesses [is] for the jury to determine.").

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.